IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EARNEST HERRING**                                                             **PETITIONER**

**V.**                         **CIVIL ACTION NO. 3:18CV268 HTW-LRA**

**BRANDON SMITH, WARDEN OF CARROLL-
MONTGOMERY REGIONAL CORRECTIONAL
FACILITY**                                               **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Earnest Herring filed a petition for writ of habeas corpus relief on April 26, 2018. After reviewing the record and all the applicable law, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996 as untimely.

On May 14, 1986, a jury found Petitioner Herring guilty of forcible rape in the Circuit Court of Hinds County, Mississippi. On May 15, 1986, he was sentenced to serve 30 years in the custody of the Mississippi Department of Corrections. The Mississippi Supreme Court affirmed the conviction and sentence on March 16, 1988, and denied the petition for rehearing on April 20, 1988. *Herring v. State*, 522 So.2d 745 (Miss. 1988), *reh'g denied*, April 20, 1988. On April 2, 2018, Herring filed a motion for post-conviction relief in the Mississippi Supreme Court. According to its website, an order

denying the motion issued on June 28, 2018 (after submission of all pleadings in this case).[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of

---

[1] ECF No. 6-1 – 6-3. Herring is also currently serving a 40-year term on a separate rape conviction, which was affirmed, *per curiam*, in *Herring v. State* 529 So.2d 908 (Miss. 1988). A subsequent petition for federal habeas corpus relief for this conviction was dismissed as untimely in *Herring v. Hood*, et. al. (*Herring II*), No. 3:04CV65, DPJ-FKB (S.D. Miss. July 17, 2014).

the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Herring's conviction would usually be considered final on July 19, 1988, 90 days after the Mississippi Supreme Court denied his petition for rehearing.[2] However, for petitioners whose state court convictions became final before the AEDPA was enacted, the one-year limitations period would commence on AEDPA's effective date, April 24, 1996. *Egerton v. Cockrell*, 334 F. 3d 433, 435 (5th Cir. 2003). Herring was therefore required to file a "properly-filed" application for post-conviction collateral relief challenging the instant conviction on or before April 24, 1997, to toll the statute of limitations. Because Herring did not file an application prior to this date, the instant petition filed 21 years after the expiration of the statute of limitations is barred from federal review absent statutory or equitable tolling.

---

[2] Because the time period during which he could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003).

Herring does not dispute that his petition is untimely, nor does he expressly argue that he is entitled to statutory or equitable tolling. Citing Mississippi's Post-Conviction Relief Act, he generally states in paragraph 18 of his petition that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the uniform post-conviction collateral relief act." To the extent he is arguing that his habeas petition should be subjected to the three-year statute-of-limitations provided under state law, the argument is without merit. The right to file a federal habeas petition may only be exercised if AEDPA's one-year statute of limitations is met.[3]

In his response to the motion to dismiss, Herring advises that he has also moved to amend his state court petition to reflect newly discovered evidence. However, he does not identify the newly discovered evidence with any specificity.[4] To the extent Herring asserts that newly discovered evidence establishing his actual innocence warrants additional tolling, his argument is rejected. In order to overcome the expiration of the AEDPA statute of limitations by showing actual innocence, a petitioner is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence itself is not a free-standing ground for habeas corpus relief. *Reed v.*

---

[3] ECF No. 1, p. 13.

[4] Herring also asserts that the case and cause numbers in the instant petition should be corrected to reflect "case no: 2018-M-00485; *Herring v. State*, 529 So.2d 908 (Miss. 1988); cause no: A1006." However, this citation is for his other rape conviction, which was the subject of his federal habeas petition filed in *Herring II* and dismissed as untimely in 2014.

4

*Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To open the gateway to federal habeas review, a petitioner must: (1) present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup,* 513 U.S. at 299 (1995).

Herring has not met this high burden here. Apart from the allegation of his traverse, he has not presented any new, reliable evidence to this Court to demonstrate more likely than not that a reasonable juror would not have convicted him had his actual innocence claims been presented at trial. In the absence of any evidence warranting statutory or equitable tolling, his habeas petition is barred from federal review.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on January 28, 2019.

s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE